IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MERIAL LIMITED

  *Plaintiff,*

v.

INTERVET INC.

  *Defendant.*

Civil Action No. 1:05CV3168

## MEMORANDUM IN SUPPORT OF INTERVET'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant Intervet Inc. ("Intervet") submits this memorandum in support of

its motion to dismiss pursuant to Rule 12(b)(1) and Rule 19, Fed. R. Civ. P., and its

motion to transfer pursuant to 28 U.S.C. §1404 (a).

### INTRODUCTION

Plaintiff Merial Limited ("Merial") commenced this patent infringement

action against Intervet on December 15, 2005. (Complaint attached hereto as

Exhibit A).  Intervet moves to dismiss the complaint on grounds that Merial does

not have standing to sue for patent infringement and it has failed to join necessary

parties.  Specifically, plaintiff Merial is not an owner of  U.S. Patent No.

6,368,601("the '601 patent"), the patent-in-suit, but, at most, is an exclusive

licensee, As such, Merial does not have standing to litigate this action without

joining the patent owners.  If the Court is not inclined to dismiss the complaint,

Intervet moves, in the alternative, to transfer the case to the District Court for the

District of Columbia where Intervet initiated a patent infringement action against

Merial and all the owners of the '601 patent.

## SUMMARY OF THE ARGUMENT

The owner of a patent must be a party to any suit to enforce the patent.

*Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926).  Here,

Merial is not the owner of the '601 patent, which is assigned to three entities:

Merial SAS of Lyon, France, The Queen's University of Belfast and University of

Saskatchewan. Merial alleges that it is "exclusively licensed" under the '601

patent, but does not state by whom.  However, an exclusive licensee does not have

standing to bring suit without joining the owners of the patent absent a showing

that it possesses substantial rights in the patent such that it is a "virtual assignee."

Merial provides nothing to demonstrate that it has the requisite quantum of rights

to provide it with standing to bring and prosecute this action.  Absent such proofs,

the Court must dismiss the complaint for lack of standing.

Merial's complaint should also be dismissed under Fed.R.Civ. P. 19 for non-joinder of necessary parties.  Under the patent laws, all owners of a patent are necessary parties to a suit to enforce the patent.  The reason for this is that failure to join all patent owners could expose a party accused of infringement to the possibility of repetitive suits on the same patent. Here, the complaint does not name any of the owners identified on the face of the '601 patent.  Although Merial asserts that it owns Merial SAS, that assertion may, at best, lead to the conclusion that Merial is only a co-owner of the '601 patent.

If the Court is not inclined to dismiss the complaint, it should, in the alternative, transfer the case to the District Court for the District of Columbia where an action concerning the infringement and validity of the '601 patent is proceeding that includes all of the owners of the '601 patent in addition to plaintiff Merial and Intervet (the "D.C. litigation").  The D.C. litigation is the first litigation addressing infringement and validity of the '601 patent which names all of the necessary parties.  In order to avoid duplication and to allow all of the parties having an interest in the '601 patent to be heard, the Court should transfer this action to the D.C. District court.

Accordingly, Merial's complaint should be dismissed for failure to join all necessary parties or, in the alternative, transferred and consolidated with the D.C. litigation.

## STATEMENT OF FACTS

The '601 patent issued on April 9, 2002, and is assigned on its face to Merial, Lyons (FR), The Queen's University of Belfast, Belfast (GB), and the University of Saskatchewan, Saskatoon (CA).  Assignment records at the United States Patent and Trademark Office ("Patent Office") show that the named inventors assigned their inventions to the three assignees identified on the patent. No license or additional assignment of the '601 patent has been recorded at the Patent Office.

In the complaint filed December 15, 2005, Merial, identifies itself as a company domesticated in the state of Delaware as Merial LLC.  On the subject of standing, plaintiff Merial alleges that it owns the Merial SAS entity listed as an assignee of the '601 patent and that it is exclusively licensed under the '601 patent. (Complaint at ¶ 3).  There is no further explanation of what rights Merial has under the license identified in the complaint.

## ARGUMENT

## I.   THE COURT SHOULD DISMISS THE COMPLAINT UNDER RULE 12 FOR LACK OF STANDING

Standing is a threshold issue in every federal case and a party must have standing at the time the suit is brought.  *See Sicom Systems Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-976 (Fed. Cir. 2005).  Merial bears the burden of establishing that it has standing.  *Id.* at 976.  Merial's allegations are insufficient to establish standing to sue for infringement.

### A.   Only a "Patentee" Can Sue for Patent Infringement

The Patent Act provides that "[a] patentee shall have remedy by civil action for infringement of his patent."  35 U.S.C. § 281.  The "patentee" is the person to whom the patent issued, and includes successors in title to the patentee.  35 U.S.C. § 100(d); *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483-84 (Fed. Cir. 1998).  This has been interpreted by the courts to require that a suit for infringement must ordinarily be brought by a party holding legal title to the patent.  *Arachnid, Inc. v. Merit Indus. Inc.*, 939 F.2d 1574, 1578-79 (Fed. Cir. 1991).  In other words, only the "patentee" or, if the patentee has assigned the patent, the assignee, has the right to sue for infringement.  *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc).

In this case, Merial is not the owner of the '601 patent.  Indeed, Merial asserts only that it is an exclusive licensee.  It is a settled principle that "[a]n action for infringement must join as plaintiffs all co-owners."  *Ethicon Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998).  Here, none of the co-owners of the patent — Merial SAS, University of Belfast ("Belfast") or the University of Saskatchewan ("Saskatchewan") — are joined as a plaintiff.  Merial makes no attempt to explain what rights, if any, it has received from Merial SAS, Belfast or Saskatchewan.  Instead, Merial merely states that it is "exclusively licensed under the '601 patent."  That is not enough to bring suit.  The Federal Circuit has repeatedly stated that the patent owner should be joined in any infringement suit brought by an exclusive licensee.  *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000); *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed. Cir. 1995).  Normally, an exclusive licensee bringing suit without joining all of the patent owners would be sufficient grounds for dismissal.  *See Textile Prods.*, 134 F.3d at 1484.

**B.    As a Licensee, Merial has not Established That it is the "Patentee" for Purposes of Asserting the '601 Patent and Thus has no Standing to Bring This Suit Alone**

As a licensee of the '601 patent, Merial cannot bring suit in its own name unless it holds "all substantial rights" under the patent.  *Textile Prods.*, 134 F.3d at

1484.  Merial has not established — or even alleged — that it has "all substantial rights" in the '601 patent.  *See Calgon Corp. v. Nalco Chem. Co.*, 726 F. Supp. 983, 985 (D. Del. 1989) ("The owner of a patent or the owner's assignee can commence an action for patent infringement, but a licensee alone cannot."); *see also Pfizer Inc. v. Elan Pharms. Research Corp.*, 812 F. Supp. 1352, 1370 (D. Del. 1993) ("Standing to sue for infringement generally rests with the legal title holder."); *Indep. Wireless,* 269 U.S. at 466-67 ("The presence of the owner of the patent as a party is indispensable."); *Abbott,* 47 F.3d at 1130-33 (holding that a patentee-licensor must be allowed to intervene in a suit brought improperly by an exclusive licensee because the licensee had no standing to bring the suit alone).

In order to establish standing, Merial must demonstrate through a written instrument such rights in the '601 patent as to make it a "virtual assignee."  *Enzo APA & Son, Inc. v. Aero Precision Prods. Inc.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) (citing *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.p.A.*, 944 F.2d 870 (Fed. Cir. 1991)).  Determining whether a licensee is a "virtual assignee" of a patent requires "ascertaining the intent of the parties to the license as manifested by the terms of their agreement and examining the substance of the grant."  *Textile Prods.*, 134 F.3d at 1484.  Thus, ascertaining whether Merial has standing to bring this suit requires examination of the license that Merial alludes to

in the complaint.  Merely referring to the license as "exclusive" — as Merial has in this case — is not controlling.  *See Textile Prods.*, 134 F.3d at 1484 ("The use of the word 'exclusive' is not controlling; what matters is the substance of the arrangement.").

Courts have looked at many factors in determining whether an exclusive licensee has standing to sue for infringement or is merely a bare licensee including, for example, whether the agreement manifests a promise by the patentee to refrain from granting another license in the area of interest, *Textile Prods.*, 134 F.3d at 1484-85, whether the patentee retains the right to make, use or sell the products, *Abbott*, 47 F.3d at 1132, whether the patentee retains the right to sue for patent infringement, *id.*, whether the licensee's rights to bring suit are limited, *id.*, whether the licensee has the right to indulge infringement, *id.*, whether the licensee can assign its rights, *Calgon*, 726 F. Supp. at 986; *Pfizer,* 812 F. Supp. at 1373, whether the patentee retained a reversionary right in the patent, *Moore U.S.A., Inc. v. The Standard Register Co.*, 60 F. Supp. 2d 104, 110 (W.D.N.Y. 1999), and whether the licensee's right to sub-license is limited, *Prima Tek II*, 222 F.3d at 1380.

Here, the Court cannot assess *any* of these factors because Merial has not provided the license it allegedly obtained.  In fact, even if the Court accepts as true

every statement in Merial's complaint, the case must still be dismissed because

Merial does not allege facts sufficient to convey standing.  Standing cannot be

"inferred argumentatively from averments in the pleadings," but, instead, "must

affirmatively appear in the record." *FW/PBS Inc. v. City of Dallas*, 493 U.S. 215,

231 (1990) (quoting *Mansfield, C & L.M.R. Co. v. Swan*, 111 U.S. 379, 382

(1884)).  Because Merial did not establish that it is the virtual assignee of the '601

patent by demonstrating rights in the patent tantamount to an assignment, the

complaint must be dismissed for lack of standing.

## II.   THE COURT SHOULD DISMISS THE COMPLAINT UNDER RULE 19 FOR FAILURE TO JOIN MERIAL SAS, THE QUEEN'S UNIVERSITY OF BELFAST AND THE UNIVERSITY OF SASKATCHEWAN

### A.   Non-Joinder of a Patent Co-owner Normally Results in Dismissal of an Infringement Action Under Rule 19

Rule 19(a) of the Federal Rules of Civil Procedure provides in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest related to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double,

> multiple, or otherwise inconsistent obligations by reason of his
> claimed interest.

Fed. R. Civ. P. 19(a).  If a patent owner retains "any interest" in a patent, it is a necessary party under Rule 19(a).  *Pfizer*, 812 F. Supp. at 1375 (quoting Chisum, Patents § 21.03[3], at 21-167 (1988)); *see also Ethicon* 135 F.3d at 1468 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs all co-owners."). Because Merial has not provided the license which purports to give Merial its patent rights, the presumption should be that the patent owners have retained significant rights in the '601 patent and that they are necessary parties.

In the absence of facts demonstrating that Merial, alone, has standing to bring this suit in its own name, Belfast, Saskatchewan and, perhaps, Merial SAS are necessary parties to this suit and should be joined.  *Id*.

The policy underlying the requirement to join all co-owners is specifically to prevent the prejudice to patent infringement defendants of having to defend multiple infringement suits on the same patent brought separately by the patent's owners.  *See Vaupel*, 944 F.2d at 875 (citing *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 38 (1923)).

In the absence of any proof that Merial has the right to sue for infringement of the '601 patent in its own name, alone, Belfast and Saskatchewan, and Merial SAS, are necessary parties to this suit.

III.   **IF THIS CASE IS NOT DISMISSED, IT SHOULD BE TRANSFERRED TO THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

If the Court is not inclined to dismiss the current action, it should, in the alternative, transfer the case to the District Court for the District of Columbia where an action concerning infringement and validity of the '601 patent is proceeding that includes all of the owners of the '601 patent.  The D.C. litigation is the first litigation addressing infringement and validity of the '601 patent which includes all necessary parties.  In order to avoid duplication and to allow all of the parties having an interest in the '601 patent to be heard, the Court should transfer this action to the D.C. District court.

A.   **The D.C. District Court has Jurisdiction Over All the Owners of the '601 patent and Merial**

On April 11, 2006, Intervet filed an action in the D.C. District court against Merial Limited, Merial SAS, and the Universities of Belfast and Saskatchewan under 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment of invalidity and non-infringement of the '601 patent.  The D.C. District Court has jurisdiction over the owners of the '601 patent pursuant to 35 U.S.C. § 293, which operates as a long arm statute designed to obtain jurisdiction over patentees who do not reside in the United States.  The jurisdictional basis of this section lies in the premise that

the act of obtaining a U.S. patent is a meaningful contact with the United States that satisfies the constitutional requirements for courts to obtain personal jurisdiction over the patentee. *See National Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003, 1009 (D.C. Cir. 1989) ("By registering a patent in the United States Patent and Trademark Office, a party residing abroad purposefully avails itself of the benefits and protections patent registration in this country affords.").

All of the owners of the '601 patent are non-residents. Merial SAS is located in Lyon, France, The Queens University of Belfast in Belfast, Northern Ireland, UK and the University of Saskatchewan in Saskatoon, Saskatchewan, Canada. Further, none of these entities have designated an agent for service of process pursuant to 35 U.S.C. § 293. Plaintiff Merial is subject to suit in the District of Columbia by virtue of its continuous and systematic contacts with that judicial district. Consequently, all the patent owners and Merial are subject to jurisdiction in the District Court for the District of Columbia in an action seeking a declaration of invalidity and non-infringement of the '601 patent.

**B.    The D.C. litigation Should be Considered First-Filed and the
Instant Case Should be Transferred in Order to Avoid
Duplicative Litigations**

Under 28 U.S.C. § 1404(a), a court may transfer a case to another

jurisdiction for the convenience of the parties and witnesses and the interest of

justice to have it resolved in a single case instead of in duplicative proceedings.

*See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit

a situation in which two cases involving precisely the same issues are

simultaneously pending in different District Courts leads to the wastefulness of

time, energy and money that § 1404 (a) was designed to prevent.").

In patent cases, the first-filed action is to be favored in evaluating which of

two pending litigations should go forward, and which should be dismissed or

transferred.  *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir.

1993).  Merial has failed to join the owners of the '601 patent in the instant case,

namely Merial SAS and the Universities of Belfast and Saskatchewan.  As

discussed above, these parties are necessary to any action addressing the validity

and infringement of the '601 patent.  The D.C. litigation, on the other hand, it is the

first litigation including all of these parties and, should be considered the first-filed

action for consideration of this transfer motion.  *Mallinckrodt Med. Inc. v.*

*Nycomed Imaging AS*, 49 U.S.P.Q.2d 1474, 1477-78 (E.D. Mo. 1998) (holding that

declaratory-judgment action filed after infringement action was nevertheless "first-filed" where earlier infringement case named wrong parties).

Transfer of this case to the D.C. District Court would serve the interests of justice by resolving the various allegations regarding infringement and validity of the '601 patent in a single litigation.  Additionally, by naming all the owners of the '601 patent as defendants, the D.C. litigation provides a full and fair opportunity for each party whose rights may be adversely affected by the instant action to protect its interests.  Accordingly, if the Court is not inclined to dismiss the instant action outright, it should transfer it to the D.C. District Court where an action addressing the same issues is already under way.

## CONCLUSION

For the foregoing reasons, Intervet respectfully requests that the Court grant its motion to dismiss the complaint or, in the alternative, to transfer the case to the District Court for the District of Columbia.

Respectfully submitted,

April 11, 2006

/s/ T. Hunter Jefferson
T. Hunter Jefferson
Georgia Bar No. 389998
SMITH GAMBRELL & RUSSELL, LLP
Promenade II, Suite 3100
1230 Peachtree Street NE
Atlanta, Georgia  30309
404.815.3652 (telephone)

404.685.6852 (facsimile)
*Attorneys for Defendant Intervet Inc.*

OF COUNSEL
Michael D. Loughnane
William G. James
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200
(212) 425-5288 (facsimile)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MERIAL LIMITED

       *Plaintiff,*

    v.

INTERVET INC.

       *Defendant.*

Civil Action No. 1:05CV3168

## LR 7.1D CERTIFICATION

I hereby certify that the within and foregoing **MEMORANDUM IN SUPPORT OF INTERVET'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER** has been prepared with one of the font and point selections approved by the Court in LR 5.1C.

This 11th day of April, 2006.

                    /s/ T. Hunter Jefferson

                    T. Hunter Jefferson

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MERIAL LIMITED

      *Plaintiff,*

      v.

INTERVET INC.

      *Defendant.*

Civil Action No. 1:05CV3168

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and forego-ing **MEMORANDUM IN SUPPORT OF INTERVET'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        John Patrick Elsevier
        Alston & Bird LLP
        One Atlantic Center
        Atlanta, Georgia  30309

This 11th day of April, 2006.

                        /s/ T. Hunter Jefferson

                        T. Hunter Jefferson